# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BILLY J. CAMPBELL                                                                            PETITIONER

v.                                      NO. 5:06CV00093 JLH/HDY

LARRY NORRIS, Director of the                                                        RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS. In August of 2002, petitioner Billy J. Campbell ("Campbell") pleaded guilty in Clark County, Arkansas, Circuit Court to the following criminal offenses: "manufacturing the controlled substance crack cocaine; possession of a controlled substance, crack cocaine, with intent to deliver; possession of drug paraphernalia; second degree battery; maintaining a drug premises in a drug free zone; and resisting arrest." See Campbell v. State, 2006 WL 650698 at 1 (Ark.S.Ct. March 16, 2006). He was thereafter sentenced to the custody of respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction, for "an aggregate sentence of 600 months ..." See Id. Because Campbell pleaded guilty to the offenses, he was precluded by Arkansas Rule of Appellate Procedure - Criminal 1(a) from prosecuting a direct appeal.

Campbell subsequently filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. His petition was denied without a hearing, and he appealed the denial of his petition to the Arkansas Supreme Court. The prosecution of his appeal did not go smoothly because he had trouble abstracting "the material parts of the record as required by [Arkansas Supreme Court] Rule 4-2(a)(5), specifically his plea proceeding." See Campbell v. State, 2006 WL 990538 at 2 (Ark. S.Ct. April 28, 2005). The state Supreme Court eventually affirmed the denial of his petition on the following ground:

> In an unpublished opinion, we previously ordered rebriefing of this matter, finding that the brief filed failed to include a sufficient abstract as required by Ark. Sup.Ct. R. 4-2(a)(5) and (8). Campbell v. State, CR 03-570 (Ark. April 28, 2005) (per curiam). Appellant Campbell has now filed his substituted brief, and it is still deficient. Although appellant has included a section within the brief that is labeled as the abstract in its heading, his plea hearing is not abstracted as specifically required by our order. Instead, appellant uses that portion of the brief to amplify his arguments, rather than providing an impartial condensation of the proceedings as Ark. Sup.Ct. R. 4-2(a)(5) requires. Without a proper abstract, we cannot address appellant's claims. An appellant must provide an abstract and addendum sufficient to conduct a meaningful review. Campbell v. State, 349 Ark. 111, 76 S.W.3d 271 (2002) (per curiam). Appellant has not provided a substituted brief curing the deficiencies as required in our order. We therefore affirm for failure to file a complying brief in accordance with Ark. Sup.Ct. R. 4-2(b)(3). Affirmed.

See Campbell v. State, 2006 WL 650698 at 1-2.

FEDERAL COURT PROCEEDINGS. In April of 2006, Campbell commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The four claims contained in his petition can be summarized as follows:

> 1. Counsel was ineffective for allowing and advising Campbell to plead guilty while under the influence of a prescription medication for mental illness.
>
> 2. Counsel was ineffective for allowing the court to sentence Campbell as an habitual offender using false and misleading information to prove his prior convictions.
>
> 3. Counsel was ineffective for failing to challenge the affidavit that was presented to the judge to obtain a search warrant as the affidavit contained false and misleading information.

-4-

   4. Counsel was ineffective for failing to allow Campbell to have a second mental evaluation. Counsel told Campbell that the judge would not allow an additional evaluation, but counsel did not file a motion asking for a second evaluation.

Norris thereafter filed a response to Campbell's petition. Norris maintained in his response that the petition should be dismissed because the claims contained in it are procedurally barred from federal court review.

The Court determined that Campbell should be notified that Norris was seeking the dismissal of the petition because the claims contained in it are allegedly procedurally barred from federal court review. Campbell was notified and invited to submit a reply.

Campbell accepted the invitation and filed a reply. In the reply, he acknowledged that the appeal of his Rule 37 petition had been dismissed because of his failure to comply with the procedural rules of the state Supreme Court. He maintained, however, that his failure was due to that fact that his appellate court motion for counsel was denied and he was forced to rely upon the legal guidance of other prisoners.[1]

---

[1] "The denial of the appointment of counsel motion put the petitioner in a very serious position because the petitioner is ignorant of the law, indigent, and can't come up with any monies from not one source to hire an attorney. The petitioner was then left with only one choice and that was to rely on the assistance from the jail house lawyers who are confined at the same institution with the petitioner and who [are] assigned to the inmate law library. The jail house lawyers assured the petitioner that they could prepare his brief and that it would comply with the Arkansas court rules. With his brief due date rapidly approaching and still no way to hire an attorney, the petitioner put his trust into the inmate lawyers and accepted their assistance. The legal assistance that the petitioner received from the inmates was woeful and inadequate …" See Document 14 at 2-3.

ANALYSIS.  The Court has had an opportunity to examine the parties' submissions. Given that examination, the Court makes the following findings and recommendation.

In <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim in state court, that is, if he was aware of the claim but failed to properly present it to the state court.  The exception to the foregoing rule permits the claim to be considered if the petitioner can show cause for his failure to assert the known claim and resulting prejudice.

As the Court noted above, Campbell advances four claims in his petition, all involving the representation afforded by his trial attorney.  For purposes of these findings and recommendation, the Court finds that he raised all four claims in his Rule 37 petition and obtained a ruling on the claims from the state trial court judge. Campbell admits, as he must, that he subsequently failed to obtain an appellate court ruling on his claims.  Specifically, the state Supreme Court affirmed the denial of his Rule 37 petition without addressing the merits of his appeal because his abstract was "deficient."  <u>See</u> <u>Campbell v. State</u>, 2006 WL 650698 at 1.  For that reason, the Court finds that he failed to properly present his claims to the state Supreme Court in accordance with the procedural rules established by the State of Arkansas and therefore procedurally defaulted the claims.

Having found that Campbell procedurally defaulted his four claims, the question becomes whether he can show cause for his procedural default. With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." See Smith v. Murray, 477 U.S. 527, 533-34 (1986). One can discern from other decisions, though, instances in which cause might be found: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, see Murray v. Carrier, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, see Reed v. Ross, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, see Murray v. Carrier, 477 U.S. at 488. There is also one extraordinary circumstance where a federal court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Id. at 496.

The Court has examined Campbell's pleadings for an assertion of cause. He maintains that his failure to comply with the procedural rules established by the State of Arkansas was due to that fact that his motion for counsel was denied and he was forced to rely upon the legal guidance provided by other prisoners. Liberally construing his pro se reply, see Haines v. Kerner, 404 U.S. 519 (1972), he also appears to maintain that a constitutional violation resulted in his conviction although he is actually innocent.

With regard to Campbell's assertion of cause, the Court is not persuaded that it excuses his procedural default. The appellate court denial of his motion for counsel and his subsequent reliance upon the legal guidance of other prisoners were not objective factors external to the defense that impeded his efforts to comply with the state's procedural rules.[2] "There is no constitutional right to an attorney in state post-conviction proceedings," see Coleman v. Thompson, 501 U.S. 722, 752 (1991), and the Court knows of no state appellate rule requiring the state Supreme Court to appoint counsel in such a proceeding. In addition, Campbell "certainly had no constitutional right to the effective assistance of an inmate law clerk." See Cornman v. Armontrout, 959 F.2d 727, 730 (8th Cir. 1992).[3]

Campbell appears to alternatively maintain that a constitutional violation resulted in his conviction although he is actually innocent. In Schlup v. Delo, 513 U.S. 298 (1995), the United States Supreme Court recognized that a showing of actual innocence can serve as a "gateway" through which a petitioner can obtain judicial review of an otherwise barred claim. With respect to such an assertion, the United States Court of Appeals for the Eighth Circuit has provided the following guidance:

---

[2] "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributable to him ..." See Coleman v. Thompson, 501 U.S. 722, 753 (1991). [Emphasis in original].

[3] It is also worth noting that a prisoner's pro se status and his limited education do not constitute sufficient cause to excuse a procedural default. See Smittie v. Lockhart, 843 F.2d 295 (8th Cir. 1988)

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful. Schlup v. Delo, ... In addition, a petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. ... This latter showing must take into account not only the allegedly new evidence, but also the evidence that was in fact before the jury.

See Watts v. Norris, 356 F.3d 937, 941 (8th Cir. 2004). Applying the foregoing to the proceeding at bar, the Court is not convinced that Campbell has made the showing required by Schlup v. Delo. Specifically, he has not come forward with new, reliable evidence that was not presented at trial or otherwise shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. He has therefore failed to show that he is actually innocent and entitled to use the "gateway" recognized by Schlup v. Delo.

CONCLUSION. On the basis of the foregoing, the undersigned finds that Campbell procedurally defaulted in litigating his claims. The undersigned additionally finds that he has failed to show cause for his procedural default or that a constitutional violation probably resulted in his conviction although he is actually innocent. For these reasons, his claims are barred from federal court review. The undersigned recommends that his petition be denied and dismissed and judgment be entered for Norris.

DATED this __25__ day of August, 2006.

                              UNITED STATES MAGISTRATE JUDGE